### H. A. SOMERS v. UNIVERSAL CREDIT COMPANY.

(Filed 4 November, 1931.)

**Damages E a—Evidence held insufficient to support issue as to punitive damages.**

> Punitive damages for the wrongful seizure of the plaintiff's car are not recoverable when the evidence tends to show that the car was seized with the consent of the plaintiff, and where the jury awards punitive damages on such evidence in addition to compensatory damages for the wrongful seizure, the judgment rendered on the verdict will be modified by striking out the answer to the issue relating to the punitive damages.

APPEAL by defendant from *Frizzelle, J.,* at Second May Term, 1931, of ALAMANCE. Modified and affirmed.

The jury returned the following verdict:

1. Did the defendant wrongfully seize the car of plaintiff, as alleged in the complaint? Answer: Yes.

2. What amount, if any, is the plaintiff entitled to recover as compensatory damages? Answer: $149.00.

3. What amount, if any, is the plaintiff entitled to recover as punitive damages. Answer: $500.00.

4. In what amount, if any, is the plaintiff indebted to the defendant on the contract price of the automobile? Answer: Nothing.

Judgment for the plaintiff; appeal by the defendant.

*Lewis C. Allen for appellant.*
*John S. Thomas for appellee.*

PER CURIAM. We have discovered no evidence sufficient to sustain the answer to the third issue. His Honor instructed the jury to award punitive damages if they found from the evidence that the defendant seized the car in a rude and oppressive manner indicating malice, wantonness, and ill-will. The plaintiff testified that he laid the car key on his counter and said to the defendant's agent, "If he desired to take it, there it was; if he wanted to take the car, there was the key; if he desired to take it, there it was." This was equivalent to consent.

The jury awarded compensatory damages possibly because the plaintiff subsequently told the agent not to take the car away.

The answer to the third issue will be stricken out, and as thus modified the judgment is affirmed.

Modified and affirmed.